UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA INZINGA, | ) | Case No. 2:18-cv-00420-NBF |
| | ) | |
| Plaintiff, | ) | Judge Nora Barry Fischer |
| | ) | |
| v. | ) | |
| | ) | *Electronically Filed* |
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# FED. R. CIV. P. 26(F) REPORT OF THE PARTIES

Counsel for the parties and unrepresented parties shall confer regarding the matters identified herein and prepare a signed report in the following form to be filed at least 21 days before the Initial LCvR 16.1 Scheduling Conference or at such other time as ordered by the court. This report form may be downloaded from the Court's website as a word-processing document and the information filled in as requested on the downloaded form. The dates to be provided in the report are suggested dates and may be accepted or modified by the Court.

1. **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

*Counsel for Plaintiff, Lisa Inzinga:*

Jeffrey L. Suher
Dell, Moser, Lane & Loughney, LLC
Two Chatham Center, Suite 1500
Pittsburgh, PA 15219
Telephone: (412) 471-1180
Facsimile: (412) 471-9012
JLS@DellMoser.com

*Counsel for Defendant, CitiMortgage, Inc.:*

Erin Fleury (PA 320545)
K&L Gates LLP (Firm # 148)
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613
Telephone: (412) 355-6500
Facsimile: (412) 355-6501
Erin.Fleury@klgates.com

David E. Fialkow (MA BBO 666192)
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175
David.Fialkow@klgates.com

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc):

The matter before the court involves a claim for alleged violations of the Fair Credit Reporting Act (15 U.S.C. §§ 1681s-2(b) and 16810&n).

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

The parties conferred on May 8, 2018. The participants were Jeffrey Suher on behalf of Plaintiffs and David Fialkow and Erin Fleury on behalf of Defendant.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**: (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

May 17, 2018 at 3:00 p.m.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

No party currently anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties selected mediation with a mutually agreed upon mediator as the ADR process and would expect to complete such mediation within 60 days.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

None.

8. **Subjects on which fact discovery may be needed.** (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

The parties will need fact discovery regarding the reporting or furnishing of credit and payment information related to Plaintiff's mortgage account, the parties' correspondence,

the alleged measure of damages, and other issues related to the merits and defenses of the case.

**9. Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

**a. Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

The parties agree to make their Rule 26(a)(1) disclosures by May 23, 2018.

**b. Date by which any additional parties shall be joined:**

The parties do not anticipate adding any additional parties.

**c. Date by which the pleadings shall be amended:**

The parties do not anticipate amending their pleadings.

**d. Date by which fact discovery should be completed:**

February 11, 2019.

**e. If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

Not applicable.

**f. Date by which plaintiff's expert reports should be filed:**

At this time, the parties do not believe this case will involve any experts. However, to the extent that this changes, the parties will address such deadlines at the Post-Discovery Status Conference.

**g. Date by which depositions of plaintiff's expert(s) should be completed:**

At this time, the parties do not believe this case will involve any experts. However, to the extent that this changes, the parties will address such deadlines at the Post-Discovery Status Conference.

**h. Date by which defendant's expert reports should be filed:**

At this time, the parties do not believe this case will involve any experts. However, to the extent that this changes, the parties will address such deadlines at the Post-Discovery Status Conference.

**i. Date by which depositions of defendant's expert(s) should be completed:**

At this time, the parties do not believe this case will involve any experts. However, to the extent that this changes, the parties will address such deadlines at the Post-Discovery Status Conference.

**j. Date by which third party expert's reports should be filed:**

At this time, the parties do not believe this case will involve any third party experts. However, to the extent that this changes, the parties will address such deadlines at the Post-Discovery Status Conference.

**k. Date by which depositions of third party's expert(s) should be completed:**

At this time, the parties do not believe this case will involve any third party experts. However, to the extent that this changes, the parties will address such deadlines at the Post-Discovery Status Conference.

**10. If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

At this time, the parties do not anticipate that any such changes are necessary but reserve the right to request such changes in the future.

**11. Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

**a.** **ESI.** Is either party seeking the discovery of ESI in this case?

☐ Yes ☒ No [If "No," skip to sub-part (e) below.]

**b.** **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

☐ Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by

________________________________________________

________________________________________________

☐ Have developed an ESI discovery plan (as attached).

☐ Will have an ESI discovery plan completed by ______________________.

NOTE: At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI. If the parties are unable to do so, they should advise the Court promptly.

**c.** **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?

☐ Yes ☐ No

**d.** **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?

☐ Yes ☐ No

**e.** **Clawback Agreement.** The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

☒ Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

☐ Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.

☐ Are unable to agree on appropriate non-waiver language.

**f.** **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.

☐ Yes ☒ No

**g.** **Other.** Identify all outstanding disputes concerning any ESI issues:

None

**12. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are not required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post- Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):**

The parties agree to schedule a Post-Discovery Status Conference following the completion of fact discovery.

**a.** **Settlement and/or transfer to an ADR procedure;**

To be determined, if necessary, at the Post-Discovery Status Conference.

**b.** **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

To be determined, if necessary, at the Post-Discovery Status Conference.

**c. Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

To be determined, if necessary, at the Post-Discovery Status Conference.

**d. Dates by which parties' pre-trial statements should be filed;**

To be determined, if necessary, at the Post-Discovery Status Conference.

**e. Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

To be determined, if necessary, at the Post-Discovery Status Conference.

**f. Dates on which motions *in limine* and *Daubert* motions shall be heard;**

To be determined, if necessary, at the Post-Discovery Status Conference.

**g. Dates proposed for final pre-trial conference;**

To be determined, if necessary, at the Post-Discovery Status Conference.

**h. Presumptive and final trial dates.**

To be determined, if necessary, at the Post-Discovery Status Conference.

**13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

None

**14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

The parties do not anticipate that a special master will be necessary.

**15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

Not applicable.

**16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

The parties have agreed to participate in mediation. In addition, Plaintiff's counsel has indicated that they will make a settlement demand within the next two weeks.

Respectfully Submitted,

DELL, MOSER, LANE & LOUGHNEY, LLC

*/s/ Jeffrey L. Suher*
*Signed with permission*
Jeffrey L. Suher
Dell, Moser, Lane & Loughney, LLC
Two Chatham Center, Suite 1500
Pittsburgh, PA 15219
Telephone: (412) 471-1180
Facsimile: (412) 471-9012
JLS@DellMoser.com

*Counsel for Plaintiff, Lisa Inzinga*

K&L GATES LLP

*/s/ Erin Fleury*
Erin Fleury (PA 320545)
K&L Gates LLP (Firm # 148)
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613
Telephone: (412) 355-6500
Facsimile: (412) 355-6501
Erin.Fleury@klgates.com

David E. Fialkow (MA BBO 666192)
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175
David.Fialkow@klgates.com

*Counsel for Defendant, CitiMortgage, Inc.*

Dated: May 10, 2018